## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LYNDSAY WALLACE, individually and on behalf of all others similarly situated, | ) ) ) ) Case No.: ) ) ) ) ) ) ) ) |
| Plaintiff, | |
| v. | |
| SAM'S EAST, INC. and SAM'S WEST, INC., | |
| Defendants. | |

## NOTICE OF REMOVAL OF ACTION

Defendants Sam's East, Inc. and Sam's West, Inc. (collectively, "Sam's" or "Defendants"), by and through undersigned counsel, respectfully notifies the Court pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, 1446, and 1453 that they hereby remove this action from the Circuit Court for the 20th Judicial Circuit, County of St. Clair, State of Illinois. This Court has jurisdiction over this action pursuant to the provisions of the Class Action Fairness Act ("CAFA"), codified in relevant parts at 28 U.S.C. § 1332(d) and 1453. Defendants provide this "short and plain statement of the grounds for removal" pursuant to 28. U.S.C. § 1446(a). If the Court requires that Defendants prove the facts alleged in this pleading, or to otherwise establish jurisdiction, Defendants are prepared to do so.[1]

---

[1] "The removing party, as the proponent of federal jurisdiction, bears the burden of describing how the controversy exceeds $5 million … This is a pleading requirement, not a demand for proof." *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008); *see also McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936) (Defendants must put forth competent proof "[i]f his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner"). In the response to such a challenge, the District Court may consider the contents of the removal petition as well as any supplemental evidence later proffered by the removing Defendants. *See, e.g.*, *Meridian Security Ins. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006) (providing a non-exhaustive list of ways a proponent of federal jurisdiction can estimate the potential amount in controversy).

1

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). In relevant part, CAFA grants District Courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any Defendants and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. As set forth below, this case meets all of CAFA's jurisdictional requirements and, therefore, the action could have been commenced in this court. Accordingly, removal is timely and the case is properly removed by the filing of this Notice. The Defendants, Sam's East, Inc. and Sam's West, Inc., initiates, and thereby consents to, removal.

## VENUE

2. This action was filed in the Circuit Court for the 20th Judicial Circuit, County of St. Clair, State of Illinois. Therefore, venue is proper in the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. §§ 84(a), 1391(a), and 1441(a).

## PLEADINGS, PROCESS, AND ORDERS

3. On or about August 29, 2024, Plaintiff Lyndsay Wallace ("Plaintiff") commenced this putative class action by filing the Class Action Complaint ("Complaint") in the Circuit Court for the 20th Judicial Circuit, County of St. Clair, State of Illinois, Case No. 24-LA-1216. In accordance with 28 U.S.C. §1446(a), a true and correct copy of the Complaint (together with all other process, pleadings, and orders served upon Defendants) is attached hereto as **Exhibit A**. Defendants were served on September 24, 2024.

4. Plaintiff claims that she and a putative class of similarly situated purchasers suffered economic harm from Defendants from their purchases of certain Member's Mark Diced Peaches and Mandarin Oranges in four-ounce containers ("Fruit Cups") which bore a label claim "in 100%

fruit juice." (Ex. A, ¶ 1.) Plaintiff claims that the "100% juice" claim was improper under a variety of theories based on her allegation that the "100% juice" included ingredients which were not identified on the product's principal display panel, even though they were identified in the products' ingredient lists. (*See generally* Ex. A.) Accordingly, Plaintiff asserts causes of action for (i) breach of express warranty; (ii) violation of Illinois Consumer Fraud Act; (iii) violation of unidentified consumer protection statutes of "other states and territories" that are purportedly "similarly designed" to provide consumer protection; and (iv) unjust enrichment. (*Id.*)

5. Plaintiff seeks damages "equal to the refund of the purchase price she paid for the Fruit." (Ex. A, ¶¶ 19; *see also id.*, ¶¶ 57, 66, 78.) Plaintiff, therefore, seeks a judgment equal to the total sales of the Fruit Cups over the course of the past five years.

6. Plaintiff seeks, on behalf of herself and those similarly situated, compensatory damages, or, alternatively disgorgement or restitution; statutory damages and punitive damages; pre- and post-judgment interest; and attorneys' fees and costs. (*Id.*, Prayer for Relief.)

7. By removing this action to this Court, Defendants do not waive any rights or defenses available to them.

## SERVICE ON THE STATE COURT

8. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Southern District of Illinois, written notice of such filing will be given by the undersigned to Plaintiff's counsel, and a notice of filing of the this Notice of Removal will be filed with the Circuit Court for the 20th Judicial Circuit, County of St. Clair, State of Illinois.

## TIMELINESS OF THE REMOVAL

9. Plaintiff's Complaint was served on Defendants on September 24, 2024 via service on its registered agent. This Notice of Removal of Action is therefore filed within the 30-day period

ACTIVE 703175259v3

prescribed by 28 U.S.C. § 1446(b)(1). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 346 (1999).

**ORIGINAL JURISDICTION PURSUANT TO CAFA**

10.     Jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1332 because this case satisfies the requirements found in the provisions of CAFA, codified at 28 U.S.C. §§ 1332(d) and 1453. This Court has subject matter jurisdiction pursuant to CAFA, 28 U.S.C § 1332(d), because: (1) the putative class action consists of at least 100 proposed class members; (2) no Defendant is a state, state official, or other governmental entity; (3) the citizenship of at least one putative class member is different from that of any Defendants; and (4) the aggregate amount placed in controversy by the claims of Plaintiff and the proposed class members exceeds the sum or value of $5,000,000.00, exclusive of interest and costs.

*The Proposed Class Consists of More Than 100 Members*

11.     CAFA defines the term "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). This action has been filed as a state court class action pursuant to 735 ILCS 5/2-801 *et seq.*, which is similar to Fed. R. Civ. P. 23. (Ex. A, ¶ 39.) Accordingly, the Complaint falls within the definition of class action as set forth in CAFA.

12.     The Complaint seeks to certify both a nationwide and Illinois-wide class of individuals who bought the Member's Mark fruit cup products in a five-year period from August 2019 through the present. (*Id.*, ¶ 39.) The Complaint expressly alleges that "Upon information and belief, the Classes consist of millions of purchasers. Accordingly, it would be impractical to join all Class Members before the Court." (*Id.*, ¶ 41.)

13. Defendants agree that the putative class exceeds 100 members based on the definitions of the putative classes set forth in the Complaint.

14. Therefore, the class size is alleged to exceed 100 members, and for removal purposes, the numerosity requirement of CAFA is satisfied. 28 U.S.C. § 1332(d)(5)(B).

### *Defendants Are Not States, State Officials, or Other Governmental Entities*

15. Defendants are not a state, state official, or other governmental entity. *See* 28 U.S.C. § 1332(d)(5)(A).

### *The Minimal Diversity Requirement Is Met*

16. The jurisdictional requirement of minimal diversity pursuant to CAFA, 28 U.S.C. 1332(d)(2)(A), is satisfied as Plaintiff and Defendants are citizens of different states.

17. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *The Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010). A corporation's principal place of business will typically be where the corporation maintains its headquarters. *Id*.

18. Plaintiff alleges that Defendants Sam's East, Inc. and Sam's West, Inc. are "Arkansas corporation[s] with [their] principal place of business in Bentonville, Arkansas." (*See* Ex. A, ¶¶ 16-17.) Thus, Defendants are a citizen of the State of Arkansas, where it is incorporated and where it has its principal place of business.

19. Pursuant to CAFA, 28 U.S.C. 1332(d)(10), Defendants are not now, and were not at the time the Complaint was filed, citizens of the State of Illinois.

20. Plaintiff "is an Illinois citizen residing in St. Clair County, Illinois." (Ex. A, ¶ 15.)

21.     Therefore, because Plaintiff is a citizen of Illinois and no defendants is a citizen of Illinois, this action meets the minimal diversity requirements of CAFA as set forth in 28 U.S.C. § 1332(d)(2), which provides that the Court shall have jurisdiction if any member of a class of plaintiffs is a citizen of a State different from any Defendants.

### *The Amount In Controversy Requirement Is Satisfied and Exceeds $5,000,000.*

22.     Pursuant to CAFA, the claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6).

23.     The legislative history makes it clear that Section 1332(d)(6) is to be interpreted expansively. The Senate Committee states:

> . . . if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case. By the same token, the Committee intends that a matter be subject to federal court jurisdiction under this provision if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the Defendants, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief).

S. Rep. No. 109-114, at 42 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 40.

24.     It is well established that the value of all claims against a Defendants are added together in order to determine whether the requisite minimum for federal jurisdiction exists. *See Snyder v. Harris*, 394 U.S. 332, 335 (1969). Of course, "[t]he removing party, as the proponent of federal jurisdiction, bears the burden of *describing* how the controversy exceeds $5 million … This is a pleading requirement, not a demand for proof." *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). One way of determining the amount in controversy is to estimate the cost of complying with plaintiff's demands from either the plaintiff's or the defendant's perspective. *See Meridian Security Ins. v. Sadowski*, 441 F.3d 536, 542 (7th Cir. 2006). In establishing what a

plaintiff stands to recover, Defendants seeking removal can prove that the jurisdictional amount is sufficient for removal by pointing to relevant contentions, admissions, settlement demands, or other evidence, including affidavits from the defendant's employees or experts. *See id*. at 541-42.

25. Though Defendants concede no liability on Plaintiff's claims, assuming the allegations to be true for the purpose of this notice, Plaintiff's claims place in controversy a sum greater than $5,000,000.00.

26. Plaintiff alleges that her damages are "equal to the refund of the purchase price she paid for the Juice." (Ex. A, ¶ 19; *see also id.*, ¶¶ 57, 66, 78.) Plaintiff alleges that the price she paid for the Fruit Cups "was $9.98 per 24-count box." (Ex. A, ¶ 15.)

27. Plaintiff further alleges that the entire class has "suffered economic damages, including the full purchase price of the Fruit" Cups. (Ex. A, ¶¶ 57, 66, 78.) Plaintiff, therefore, seeks a judgment equal to the total retail sales prices paid for the Fruit Cups over the course of the past five years.

28. In addition, to "compensatory damages" or "disgorgement," Plaintiff seeks "statutory and punitive damages," "pre- and post-judgment interest," and "attorneys' fees and costs." (Ex. A, Prayer for Relief.)

29. The claims asserted here meet the jurisdictional threshold because the aggregate amount of alleged actual damages from Plaintiff's unproved allegations—even without including Plaintiff's requested punitive damages or attorneys' fees—exceeds $5,000,000.00, exclusive of interest and costs.[2] *See* S. Rep. 109-114 (1st Sess. 2005), reprinted in *Chavis v. Fidelity Warranty Servs., Inc.,* 415 F. Supp. 2d 620, 625-26 (D.S.C. 2006) (in determining whether the amount in

---

[2] Though Defendants dispute that Plaintiff is entitled to bring this action, vehemently denies liability, and contends that Plaintiff can recover nothing under the claims in the Complaint, for purposes of removal only, Plaintiff's allegations and the relief sought by Plaintiff are to be considered in determining the value of the claims as pled and the amount in controversy.

controversy threshold is met under CAFA, a court must look to "the value of the matter in litigation … regardless of the type of relief sought," including monetary damages and declaratory relief).

30. Contrary to Plaintiff's unsupported and conclusory allegations, records maintained by the supplier of the Diced Peaches Fruit Cups product identified by Plaintiff establish that sales of the Diced Peaches Fruit Cups during the five years preceding the Complaint were more than sufficient to meet CAFA's amount in controversy. That is to say, the amount in controversy requirement is satisfied without considering sales of the Mandarin Oranges Fruit Cups product or Plaintiff's alleged punitive damages or attorneys' fees.

31. More specifically, during the five-year period preceding the Complaint, total of 597,639 24-count units of Diced Peaches were delivered to Sam's Club in Illinois alone. Because Plaintiff alleges damages of $9.98 per 24-count box, the damages based on Diced Peaches Fruit Cups are $5,964,437.22. (Ex. A, ¶¶ 15, 19, 57, 66, 78.) This figure does not include the punitive damages or attorneys' fees requested by Plaintiff—or the Mandarin Oranges Fruit Cups. (Ex. A, Prayer for Relief.)

32. Defendants have more than carried its burden to demonstrate that the amount in controversy requirement is met here. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549 (Dec. 15, 2014) ("[A]s specified in § 1446(a), a Defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").

33. Plaintiff's only allegation regarding the total amount of damages at issue is the unsupported and self-serving assertion that "the total damages of Plaintiff and Class Members, inclusive of costs and attorneys' fees is far less than the five-million dollars ($5,000,000) minimum

threshold to create federal court jurisdiction." (Ex. A, ¶ 20.) The Seventh Circuit has held that a plaintiff's "unattested statement in a complaint" purporting to limit damages will not impede removal under CAFA where a class has not been certified and, like here, the Defendants plausibly allege that the amount in controversy threshold is met. *Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 772-73 (7th Cir. 2014) (citing *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1349 (2013)). Consequently, Plaintiff's "allegation" as to the damages will not support remand to the Circuit Court for the 20th Judicial Circuit, County of St. Clair, and because the amount in controversy requirement is satisfied, this case is properly removed pursuant to 28 U.S.C. § 1332.

## NO ADMISSION

34. Defendants expressly admit no liability to Plaintiff or the putative class she seeks to represent, does not admit that Plaintiff is an adequate class representative for the classes she seeks to represent, and does not admit that Plaintiff or the putative class members are entitled to recover the damages, penalties, and other relief requested in the Complaint. Defendants in no way admit that the instant action satisfies the requirements for class certification. However, this action meets all of CAFA's requirements for removal, and this removal pleading is both timely and proper.

WHEREFORE, Defendants Sam's East, Inc. and Sam's West, Inc. respectfully gives notice that this action is hereby removed from the Circuit Court for the 20th Judicial Circuit, County of St. Clair, Illinois, Case No. 24-LA-01216, to the United States District Court for the Southern District of Illinois.

Dated: October 24, 2024

Respectfully submitted,

By: <u>/s/ Brian D. Straw</u>
Brian D. Straw (ARDC # 6317181)
Dambi Kim (ARDC # 6339214) *admission pending*
**Greenberg Traurig, LLP**
77 W. Wacker Drive, Suite 3100
Chicago, Illinois 60601
Tel: (312) 456-8400
Fax: (312) 456-8435
Email: brian.straw@gtlaw.com
Email: dambi.kim@gtlaw.com

*Attorneys for Defendants Sam's East, Inc. and Sam's West, Inc.*

ACTIVE 703175259v3

## CERTIFICATE OF SERVICE

      I, Brian D. Straw, an attorney, hereby certify that I caused to be served upon counsel of record, identified below, a copy of the foregoing *NOTICE OF REMOVAL* by causing a copy of the same to be sent by overnight carrier on October 24, 2024 at our offices located at 77 West Wacker Drive, Suite 3100, Chicago, Illinois 60601:

David C. Nelson, Esq.
**Nelson & Nelson, Attorneys at Law, P.C.**
420 North High St., P.O. Box Y
Belleville, Illinois 62220
Tel: 618-277-4000
Email: dnelson@nelsonlawpc.com

Matthew H. Armstrong
**ARMSTRONG LAW FIRM LLC**
2890 W. Broward Blvd. Unit B, #305
Ft. Lauderdale, FL 33312
Tel: 314-258-0212
Email: matt@mattarmstronglaw.com

Robert L. King
**THE LAW OFFICE OF ROBERT L. KING**
9506 Olive Blvd., Suite 224
St. Louis, MO 63132
Tel: 314-246-0702
Email: king@kinglaw.com

Stuart L. Cochran (pro hac vice application forthcoming)
**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**
8080 Park Ln, Ste 700
Dallas, TX 75231
Tel: 214-865-3804
Email: scochran@condontobin.com

*Attorneys for Plaintiff*

                                        */s/ Brian D. Straw*
                                        Brian D. Straw

ACTIVE 703175259v3